IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

HOME CASUAL ENTERPRISE LTD.,

                Plaintiff,                OPINION AND ORDER

v.

                                        11-cv-655-wmc

PLANTATION PATTERNS
FURNITURE COMPANY, LLC,

                Defendant.

---

In this civil action, plaintiff Home Casual Enterprise Ltd. ("HCEL") claims that defendant Plantation Patterns Furniture Company, LLC ("PP"), as purchasers of HCEL's outdoor patio furniture, failed to make payments due under the terms of the orders placed by PP between October 2010 and March 2011, all of which HCEL accepted. (Compl. (dkt. #1).) HCEL alleges that this court may exercise diversity jurisdiction to decide this breach of contract case pursuant to 28 U.S.C. § 1332. (*Id.* at ¶ 5.) Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, HCEL will be given an opportunity to file an amended complaint containing the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted). Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be

1

dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiff alleges in its complaint that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. ¶¶ 2-5.) But for the latter to be true, there must be complete diversity, meaning plaintiff cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Since "the citizenship of an LLC is the citizenship of each of its members," plaintiff has not alleged sufficient information to determine whether complete diversity exists here. *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007). Indeed, plaintiff's complaint lacks *any* allegations regarding the citizenship of any of PP's members. Instead, plaintiff alleges PP is a "domestic Wisconsin limited liability company with offices located at . . . Fitchburg, Wisconsin" (Compl. ¶ 3), which the Seventh Circuit instructs is irrelevant information in deciding the citizenship of a limited liability company. *Hukic v. Aurora Loan Serv.*, 588 F.3d 420, 429 (7th Cir. 2009).

Before dismissing this action for lack of subject matter jurisdiction, HCEL will be given leave to file within 14 days an amended complaint which establishes subject matter jurisdiction by alleging the names and citizenship of each member of PP's LLC. In alleging the LLC's citizenship, plaintiff should be aware that if the member or members

of the LLCs are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

## ORDER

IT IS ORDERED that:

1) plaintiff shall have until October 17, 2011, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 3rd day of October, 2011.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge